UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
**Pittsburgh Division**

| | |
|---|---|
| SANDRA MOORE, | No.: _____ |
| Plaintiff, | [Removal from the Court of Common Pleas of Westmoreland County Civil Division Case No. 3716 of 2015] |
| vs. | |
| SYNCHRONY BANK; CACH, LLC; and FRESH VIEW SOLUTIONS, | NOTICE OF REMOVAL TO FEDERAL COURT |
| Defendants. | Electronically Filed |

## NOTICE OF REMOVAL

Defendant Synchrony Bank ("Synchrony"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action known as *Sandra Moore v. Synchrony Bank; CACH, LLC, and Fresh View Solutions,*, Case No. 3716 of 2015, from the Court of Common Pleas of Westmoreland County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, and in support states as follows.

1. On or about August 7, 2015, Plaintiff Sandra Moore ("Moore") filed a Complaint against Synchrony (the "Complaint") in the Court of Common Pleas of Westmoreland County, Pennsylvania (the "State Court"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. On August 19, 2015, Synchrony received the Complaint by mail at its charter home office in Draper, Utah.

3. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions or papers other than the Complaint, have been filed with the State Court in this action.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I. Synchrony Has Satisfied The Procedural Requirements For Removal.**

5. Synchrony received the Complaint by mail on August 19, 2015, therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

6. This Court is the proper division because it embraces the Court of Common Pleas of Westmoreland County, Pennsylvania, where Moore's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Moore, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit 2**.

**II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

10. Removal of such cases is governed by 28 U.S.C. § 1441(b).  Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties."  *See* 28 U.S.C. § 1441(b) (emphasis added).

11. Here, Moore's Complaint purports to assert a claim against Synchrony for alleged violations of the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  *See* Complaint ¶¶ 2, 5, 35-47.

12. Moore's Complaint alleges violations of a federal statute—the FDCPA—and consequently "arises under" the laws of the United States.  *See* 28 U.S.C. § 1331.  Therefore, this Court may properly exercise jurisdiction over these claims.

13. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

14. Defendants CACH, LLC and Fresh View Solutions have consented to and join in removal of this action.  Copies of the consent forms executed by CACH, LLC and Fresh View Solutions are attached as **Exhibit 3 and 4**.

15. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Court of Common Pleas of Westmoreland County, Pennsylvania, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

- 4 -

DATED:  September 8, 2015

        REED SMITH LLP

        By: */s/ Michael R. Pfeuffer*

         Michael R. Pfeuffer
         PA Identification No. (89139)
         20 Stanwix Street, Suite 1200
         Pittsburgh, PA 15222
         Telephone: (412) 288-1321
         Facsimile: (412) 288-3063

         mpfeuffer@reedsmith.com
         *Attorney for Defendant*
         *Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2015, a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, upon the following:

> Robert D. Klingensmith Esq.
> HAROLD SHEPLEY & ASSOCIATES, LLC
> 209 West Patriot Street
> Somerset, PA 15501
> Attorney for Plaintiff
>
> Jonathan J. Greystone, Esq.
> SPECTOR GADON & ROSEN P.C.
> 1635 Market Street
> 7th Floor
> Philadelphia PA 19103
> Direct Phone:  +1 215-241-8927
> Direct Fax:  +1 215-531-9140
> Attorney for CACH, LLC and Fresh View Solutions

By: */s/ Michael R. Pfeuffer*

> Michael R. Pfeuffer
> PA Identification No. (89139)
> Reed Smith LLP
> 20 Stanwix Street, Suite 1200
> Pittsburgh, PA 15222
> Telephone: (412) 288-1321
> Facsimile: (412) 288-3063
>
> mpfeuffer@reedsmith.com
> *Attorney for Defendant*
> *Synchrony Bank*